UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2571** |
| **STATE OF LOUISIANA** | **SECTION: "H"(1)** |

### REPORT AND RECOMMENDATION

Petitioner, Calvin Thomas, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that his application be **DISMISSED WITH PREJUDICE**.

On January 18, 2011, petitioner pleaded guilty to manslaughter under Louisiana law and was sentenced to a term of forty years imprisonment.[1]

On March 16, 2018, petitioner filed an application for post-conviction relief with the state district court.[2] That application was denied on June 6, 2018.[3] His related writ applications were

---

[1] State Rec., Vol. 3 of 4, transcript of January 18, 2011; State Rec., Vol. 1 of 4, minute entry dated January 18, 2011; State Rec., Vol. 2 of 4, guilty plea form.

[2] State Rec., Vol. 3 of 4. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the post-conviction application, the Court has simply used the signature date of the pleading as its filing date, in that the pleading was obviously placed in the mail no earlier than the date on which it was signed. See United States v. Minor, 582 F. App'x 315, 316 (5th Cir. 2014); Estes v. Boutté, Civ. Action No. 19-2289, 2020 WL 1990823, at *2 (E.D. La. Mar. 6, 2020), adopted, 2020 WL 1984331 (E.D. La. Apr. 27, 2020); Crochet v. Goodwin, Civ. Action No. 13-3106, 2014 WL 5093995, at *2 n.10 (E.D. La. Oct. 8, 2014); Thornton v. Terrell, Civ. Action No. 09-1631, 2009 WL 4855743, at *1 n.1 (E.D. La. Dec. 4, 2009).

[3] State Rec., Vol. 3 of 4, minute entry dated June 6, 2018.

then likewise denied by the Louisiana Fourth Circuit Court of Appeal on June 26, 2019,[4] and by the Louisiana Supreme Court on August 14, 2020.[5]

On September 18, 2020, petitioner filed the instant federal application seeking habeas corpus relief.[6] The state filed a response arguing that the application should be dismissed as untimely,[7] and petitioner filed a reply.[8] For the following reasons, the application is indeed untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] State v. Thomas, No. 2019-K-0410 (La. App. 4th Cir. June 26, 2019); State Rec., Vol. 3 of 4.
[5] State v. Thomas, 300 So. 3d 835 (La. 2020); State Rec., Vol. 4 of 4.
[6] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on September 18, 2020. Rec. Doc. 1, p. 15.
[7] Rec. Doc. 13.
[8] Rec. Doc. 14.

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B and C of 28 U.S.C. § 2244(d)(1) clearly do not apply in the instant case because petitioner does not allege the existence of either a state-created impediment or a newly recognized constitutional right. As for the remaining subsections, the state argues that Subsection A applies, while petitioner appears to argue that Subsection D is instead applicable. Ultimately, however, that disagreement is of no consequence – the application would be untimely under either subsection.

## Subsection A

Regarding Subsection A, the United States Fifth Circuit Court of Appeals has explained:

>The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). **However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."** Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. **As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.** See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Here, petitioner pleaded guilty and was sentenced on January 18, 2011.[9] Under Louisiana law, he then had thirty days in which to file an appeal.[10] Because he filed no such appeal,[11] his state criminal judgment became final for the purposes of this federal proceeding no later than February 17, 2011. Accordingly, his period for seeking federal habeas corpus relief commenced on that date and then expired one year later on February 17, 2012, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner filed no such state applications during the applicable one-year period, so he clearly is not entitled to statutory tolling.[12]

The Court next considers equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida,

---

[9] State Rec., Vol. 3 of 4, transcript of January 18, 2011; State Rec., Vol. 1 of 4, minute entry dated January 18, 2011; State Rec., Vol. 2 of 4, guilty plea form.

[10] Louisiana law states that a criminal defendant has thirty days to file a motion to appeal a conviction or sentence. La. Code Crim. P. art. 914.

[11] See Rec. Doc. 1, p. 2, answer to Question No. 8.

[12] Petitioner's only filings during the limitations period concerned his efforts to obtain a copy of the transcript of his plea and sentencing. However, such motions seeking transcripts or similar records are not considered applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).
   Further, although petitioner subsequently filed a state post-conviction application in 2018, that filing did not toll the federal limitations period because it had already expired. State court applications filed after expiration of the federal limitations period are of no consequence for tolling purposes. Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

560 U.S. 631, 645 (2010).  However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations may be equitably tolled "in rare and exceptional circumstances").  Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted).  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner references the fact that he has had to rely on the legal assistance provided by his fellow inmates and that "[t]he timeliness of this petition should be considered with the fact petitioner is not trained in the law."[13]  If those statements are meant to be interpreted as a  request for equitable tolling, they are insufficient.  It is clear that a prisoner's *pro se* status, lack of legal training, and mere ignorance of the law do not constitute rare and exceptional circumstances warranting equitable tolling.  See, e.g., Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); accord Gonzales v. Wilkinson, 269 F. App'x 481, 486 (5th Cir. 2008).  In light of that fact, and because petitioner has brought forth no other evidence demonstrating that he is entitled to equitable tolling, this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, in McQuiggin v. Perkins, 569 U.S. 383 (2013), the United States Supreme Court held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[ v. Delo, 513 U.S. 298 (1995)]

---

[13] Rec. Doc. 1, pp. 13-14.

and House [ v. Bell, 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations." Id. at 386.  However, even if Perkins applies to a prisoner, such as petitioner, who pleaded guilty, the "threshold requirement" for him to receive its benefit is high:  he must bring forth **new** evidence in support of his "actual innocence" claim.  See id.  In the instant case, the evidence which petitioner offers in support of his "actual innocence" claim simply does not qualify as "new."

Admittedly, the jurisprudence is conflicting on what qualifies as "new" evidence in this context.  The United States Fifth Circuit Court of Appeals has observed:

> The Supreme Court has not explicitly defined what constitutes "new reliable evidence" under the Schlup actual-innocence standard, and there is a circuit split. "This court has yet to weigh in on the circuit split concerning what constitutes 'new' evidence." Fratta v. Davis, 889 F.3d 225, 232 (5th Cir. 2018).

Hancock v. Davis, 906 F.3d 387, 389-90 (5th Cir. 2018) (footnote omitted).  Nonetheless, the Fifth Circuit then went on to hold:

> Evidence does not qualify as "new" under the Schlup actual-innocence standard if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." Moore [v. Quarterman, 534 F.3d [454,] 465 [(5th Cir. 2008)]. Consequently, though we have not decided what affirmatively constitutes "new" evidence, we have explained what does not.

Id. at 390.

The problem for petitioner is that the evidence which he now offers in support of his "actual innocence" claim consists of documents contained in his own defense counsel's case file. Although petitioner alleges that he was personally unaware of the documents until he obtained a copy of that case file in 2017, **he does not dispute that those documents were already included in the case file at the time he entered his guilty plea** – in fact, that is the underlying premise of

6

an ineffective assistance of counsel claim he now asserts in his federal application.[14] That is fatal to his "actual innocence" claim, because, at least in this federal circuit, evidence that was available to "[a petitioner] **or trial counsel** at or before trial" simply does not qualify as "new." See id. (emphasis added); accord Tyler v. Davis, 768 F. App'x 264, 265 (5th Cir. 2019); Uptergrove v. Director, TDCJ-CID, Civ. Action No. 4:18cv586, 2021 WL 3288296, at *2 (E.D. Tex. July 30, 2021) ("In order for evidence to constitute new evidence that can support a claim of actual innocence and allow a petitioner to overcome the limitations period, **it must have been unknown to counsel** and not discoverable with reasonable investigation." (emphasis added)); see also Shank v. Vannoy, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (Higginson, J., on denial of a certificate of appealability) ("Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury."). The Fifth Circuit has indicated that this rule applies even where, as here, a petitioner claims that his counsel was ineffective for failing to use that available information. See Tyler, 768 F. App'x at 265.

In that petitioner does not offer any "new" evidence, he has not met "the threshold requirement" for Perkins to apply. Perkins, 569 U.S. at 386. As a result, the "actual innocence" exception does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the Perkins "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **February 17, 2012**, in

---

[14] See Rec. Doc. 1, p. 5 ("Petitioner avers he was rendered ineffective assistance of counsel where his attorney **had in his possession** evidence that would have discredited the investigative detective's version of how the crime occurred and witness identification of petitioner." (emphasis added)).

order to be timely under Subsection A. His application was not filed until on or after **September 18, 2020**, and, therefore, it would be untimely under that provision.

### Subsection D

In that portion of the habeas form which requires a petitioner to explain "why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," petitioner stated: "[T]his case has been prepared after receiving documents from the indigent defender program [of] Orleans Parish. This information is newly discovered ...."[15] The Court interprets that as an argument that Subsection D applies in his case. However, even if petitioner is correct in arguing that Subsection D is controlling, his federal application would still be untimely.

As noted, Subsection D delays the commencement of the one-year federal limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). In the instant case, petitioner's factual predicate is the information he discovered in his defense counsel's case file. Apparently, petitioner believes that his limitations period under Subsection D would therefore have commenced no earlier than June 27, 2017, the date on which he received the case file and made the discovery.[16] If so, he misunderstands Subsection D. "The relevant inquiry under Subsection D is not the date the fact in question was **actually discovered**, but the date it **could have been discovered** with reasonable diligence." Roberts v. Cain, Civ. Action No. 14-2119, 2016 WL 7438489, at *6 (E.D. La. Dec. 27, 2016) (emphasis added), certificate of appealability denied, No. 17-30020, 2017 WL 6811900 (5th Cir. Oct. 12, 2017), cert. denied, 138 S. Ct. 1266

---

[15] Rec. Doc. 1, pp. 13-14.
[16] See Rec. Doc. 14, p. 2.

8

(2018).  Here, petitioner does not suggest – much less establish – that he could not have obtained the case file and discovered the factual predicate at an earlier time.  For example, he has not explained why he could not have obtained a copy of the case file from his counsel at the time of the plea or shortly thereafter.  And he certainly has not explained why defense counsel would have refused to turn over the case file to his own client for more than **six years** after the criminal proceedings concluded.

Nevertheless, in any event, even if petitioner is suggesting that he could not, in fact, have obtained the case file any earlier, his federal application would still be time-barred.  Under that scenario, the one-year limitations period would have commenced on the date he received the case file, i.e. June 27, 2017, and then expired no later than June 27, 2018, unless that deadline was extended by tolling.

But, again, statutory tolling is unavailable.  As noted, statutory tolling is triggered by only "a properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  He filed no such applications between June 27, 2017, and June 27, 2018.  While it is true that his 2018 state post-conviction application was filed during that period, that application was untimely under Louisiana law.  In fact, the Louisiana Supreme Court expressly held:  "The application was not timely filed in the district court, and applicant fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189."[17]  That dooms any bid for statutory tolling, because an untimely state application cannot be deemed "properly filed" for the purposes of § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  Rather, "[w]hen a postconviction petition is untimely under state law, that

---

[17] State v. Thomas, 300 So. 3d 835 (La. 2020); State Rec., Vol. 4 of 4.

9

is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (quotation marks and brackets omitted).

Petitioner likewise has not established that he is entitled to equitable tolling under this scenario. As noted *supra*, one of the elements for equitable tolling is that the petitioner was **prevented** from seeking federal relief in a timely manner. See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)). That is considered to have occurred only where "a petitioner's failure to satisfy the statute of limitations [resulted] from **external factors beyond his control**; delays of the petitioner's own making do not qualify." Jones v. Lumpkin, ___ F. 4th ___, 2022 WL 43169, at *2 (5th Cir. Jan. 5, 2022) (emphasis added; quotation marks omitted).

Here, even if, as petitioner seemingly posits, Subsection D delayed commencement of the limitations period until the date he received the case file, i.e. June 27, 2017, no external factors thereafter prevented him from seeking federal relief within one year of that date. On the contrary, immediately upon receiving the case file and discovering its contents, he could have sought federal relief simply "by filing a 'protective' petition in federal court and asking the federal court to stay and obey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S. at 416. But he did not avail himself of that option, and the United States Fifth Circuit Court of Appeals has stated that where a petitioner "could have elected to file a protective federal petition and request a stay, we hold that he was not **prevented** from asserting his rights, and that **equitable tolling does not apply**." Madden v. Thaler, 521 F. App'x 316, 323 (5th Cir. 2013); accord Trice

v. Vannoy, Civ. Action No. 19-10787, 2020 WL 5646936, at *9 (E.D. La. Aug. 7, 2020), adopted, 2020 WL 5645922 (E.D. La. Sept. 22, 2020), appeal dismissed, No. 20-30688, 2021 WL 5399884 (5th Cir. July 23, 2021); Joyner v. Kent, Civ. Action No. 16-16595, 2019 WL 3755973, at *6 (E.D. La. June 20, 2019), adopted, 2019 WL 3753693 (E.D. La. Aug. 8, 2019).  That remains true even if the petitioner was unaware that the law allowed for the filing of protective petitions, because, again, "a petitioner's ignorance or mistake is insufficient to warrant equitable tolling." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); accord Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling.").

Lastly, for the reasons already explained in detail *supra*, petitioner has failed to show that he is "actually innocent" within the meaning of McQuiggin v. Perkins, 569 U.S. 383 (2013).

Accordingly, even if Subsection D applies, it would have required that petitioner's federal application for habeas corpus relief be filed no later than **June 27, 2018**.  Because his application was not filed until on or after **September 18, 2020**, it would be untimely even under that provision.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application filed by Calvin Thomas seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 18th day of January, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**